CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

**MAY 1 2 2009**

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMANY MOHAMED RAYA, <br> Plaintiff, <br><br> vs. <br><br> HILLARY RODHAM CLINTON, <br> Secretary, U.S. Department of State <br><br> GLADYS BOLUDA, <br> Acting Chief, Office of Protocol <br><br> JANICE L. JACOBS, <br> Assistant Secretary, Bureau of Consular <br> Affairs AND <br><br> BRENDA SPRAGUE, <br> Deputy Assistant Secretary, <br> United States Passport Services <br><br> Defendants | ) <br> ) Civil Action No. 7:09-CV-00169 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) COMPLAINT FOR DECLARATORY <br> ) RELIEF AND WRIT OF MANDAMUS <br> ) <br> ) <br> ) REDACTED PURSUANT TO THE <br> ) E-GOVERNMENT ACT OF 2002 AND <br> ) FED. R. CIV. P. 5.2. <br> ) <br> ) <br> ) |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Amany Mohamed Raya (hereinafter referred to as "Ms. Raya"), who was born in Washington, D.C., alleges that the United States Department of State has deprived her of the rights and privileges secured by her birth pursuant to the Fourteenth Amendment of the United States Constitution and in support thereof states:

**NATURE AND FACTS OF THE CASE**

1. This case is a civil action to compel the United States Government to recognize Ms. Raya's status as a natural-born citizen of the United States and to require the United States Passport Agency to issue her a passport.

2. Ms. Raya was born ███████, 1981, at Walter Reed Army Medical Center in Washington, D.C. A true and correct copy of Ms. Raya's birth certificate is attached as "Exhibit 1" and incorporated herein by reference.

3. On May 12, 1981, five months prior to Ms. Raya's birth, the diplomatic visa of Ms. Raya's father, an Egyptian national, expired. A true and correct copy of his diplomatic visa is attached as "Exhibit 2" and incorporated herein by reference.

4. Four months prior to Ms. Raya's birth, her father's duties ended as a military attaché to the Egyptian Embassy in the United States. A true and correct copy of these records, legally issued by the Arab Republic of Egypt, are attached hereto as "Exhibit 3" and incorporated herein by reference.

5. On ███████, 1981, the date of Ms. Raya's birth, Ms. Raya's father resided in Egypt in the service of the Egyptian armed forces.

6. On ███████, 1981, the date of Ms. Raya's birth, Ms. Raya's mother was an Egyptian national physically present in the U.S. after the expiration of her derivative diplomatic visa. A true and correct copy of Ms. Raya's passport is attached hereto as "Exhibit 4" and incorporated herein by reference.

7. On June 1, 2004, Ms. Raya applied for a United States passport, which was denied on May 4, 2005, on the basis that Ms. Raya "did not acquire United States citizenship under the provisions of the Fourteenth Amendment" upon her birth in Washington, D.C. A true and correct copy of the denial is attached hereto as "Exhibit 5" and incorporated herein by reference.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Ms. Raya's claim to United States citizenship arises under both the

Fourteenth Amendment of the United States Constitution and under 8 U.S.C. § 1401 (conferring citizenship at birth).

9. This Court has exclusive jurisdiction pursuant to 8 U.S.C. § 1503 to declare United States nationality where a citizen is deprived of a right or privilege as a United States national.

10. The federal questions before this Court involve agency action and therefore this Court also has jurisdiction under the Administrative Procedures Act to set aside agency action when the agency violates Constitutional rights or abuses its discretion.

11. This Court may grant declaratory relief pursuant to 28 U.S.C. § 1331 (federal question); 8 U.S.C. § 1503 (declaration of nationality); 28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 1361 (mandamus); and 5 U.S.C. § 701, et seq., (to set aside agency action).

12. A substantial, actual and continuing controversy exists between the parties.

13. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 on the grounds that Ms. Raya resides in the Western District of Virginia.

## PARTIES

14. Ms. Raya, a resident of Roanoke, Virginia, is a national and citizen of the United States by birth and subject to the jurisdiction of the United States.

15. The Secretary of State, Hillary Rodham Clinton, has the duty to administer the functions of the State Department which includes the issuance of passports to citizens of the United States.

16. The Acting Chief of the United States Office of Protocol, Gladys Boluda, has the duty to accredit diplomatic officials pursuant to the Vienna Convention on Diplomatic Relations.

17. The Assistant Secretary of the Bureau of Consular Affairs, Janice L. Jacobs, and Deputy Assistant Secretary for United States Passport Services, Brenda Sprague, denied the

passport application filed by Ms. Raya, and said Assistant Secretary and Deputy Assistant Secretary are responsible for issuing passports pursuant to determinations of nationality.

18. All persons named as defendants in the instant cause are sued in their official capacities.

## CAUSES OF ACTION

### COUNT I—U.S. CONSTITUTION, AMENDMENT XIV
VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO THE PRIVILEGES AND IMMUNITIES OF BIRTH IN THE UNITED STATES

19. Ms. Raya incorporates by reference paragraphs 1 through 18 above.

20. The Fourteenth Amendment confers United States citizenship on "all persons born or naturalized in the United States and subject to the jurisdiction thereof." U.S.Const., Amend. XIV.

21. Ms. Raya was born ▇▇▇▇, 1981, in Washington, D.C., a political subdivision of the United States of America.

22. Ms. Raya was born five months after her father's diplomatic visa expired and four months after he left the United States. Ms. Raya was therefore born subject to United States' jurisdiction.

23. The State Department's denial of Ms. Raya's passport application violated Ms. Raya's Constitutional rights to the privileges and immunities of birth in the United States and, therefore, this Court should order the State Department to issue a United States passport to Ms. Raya.

### COUNT II - 8 U.S.C. § 1503
ACTION TO DECLARE PLAINTIFF A UNITED STATES NATIONAL

24. Ms. Raya incorporates by reference paragraphs 1 through 18 above.

25.     Ms. Raya resides within the United States of America, specifically, Roanoke, Virginia.

26.     Ms. Raya is a citizen of the United States by birth and was denied a "right or privilege as a national of the United States" by the United States Passport Services Directorate, a "department or independent agency" of the United States Department of State.

27.     Ms. Raya's claims under 8 U.S.C. § 1503 arise out of and in connection with the United States Passport Agency's denial of her passport application in May 2005.

28.     Ms. Raya's status as a United States national did not arise "by reason of, or in connection with, any removal proceeding," and is not "in issue in any such removal proceeding." See 8 U.S.C. § 1503(a). Accordingly, the jurisdictional exclusions of 8 U.S.C. § 1503 do not apply to the instant case.

29.     The denial of a passport is a final administrative denial. *Whitehead v. Haig*, 794 F.2d 115 (3rd Cir 1986). Ms. Raya need not exhaust other remedies.

### COUNT III—28 U.S.C. § 2201
### ACTION TO DECLARE THAT PLAINTIFF WAS BORN SUBJECT TO UNITED STATES JURISDICTION

30.     Ms. Raya incorporates by reference paragraphs 1 through 18 above.

31.     Ms. Raya seeks this Court's declaration of her citizenship by birth in the United States which is an actual controversy between her and the United States Department of State.

### COUNT IV—5 U.S.C. § 701
### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT FOR DENIAL OF A UNITED STATES PASSPORT

32.     Ms. Raya incorporates by reference paragraphs 1 through 18 above.

33.     The defendants' denial of the issuance of a passport to plaintiff is in violation of the Administrative Procedures Act.

34. The denial of Ms. Raya's passport application by the Department of State constitutes an administrative action which was arbitrary, capricious and in violation of the Constitutional rights guaranteed plaintiff; and, because of such denial, this Court may review said Department's action pursuant to federal question jurisdiction and set aside the Department's denial of a passport to Ms. Raya.

### COUNT V - 28 U.S.C. § 1361
### ACTION TO COMPEL THE DEPARTMENT OF STATE TO ISSUE PASSPORT TO PLAINTIFF

35. Ms. Raya incorporates by reference paragraphs 1 through 18 above.

36. The refusal by the Defendants to issue a passport to Ms. Raya was arbitrary and capricious, an abuse of discretion and contrary to Ms. Raya's rights to the privileges and immunities of citizenship by birth in the United States.

37. The Defendants are charged with the adjudication and issuance of passports to individuals born in the United States.

38. The plaintiff has suffered irreparable injury directly related to defendants' failure to recognize her birth subject to United States jurisdiction; and, therefore, plaintiff has no adequate remedy at law. Only the declaratory and mandamus relief from this Court will fully redress the wrongs suffered by plaintiff.

39. Ms. Raya is entitled to the relief sought and the Department of State has a clearly defined and nondiscretionary duty to provide the relief sought by plaintiff.

### COUNT VI - 28 U.S.C. § 2412(d); 5 U.S.C. § 504, ET SEQ.
### ACTION TO AUTHORIZE ATTORNEY' FEES AND COSTS

40. Ms. Raya incorporates by reference paragraphs 1 through 18 above.

41. If Ms. Raya prevails, she will seek attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA) as amended, 28 U.S.C. § 2412(d); 5 U.S.C. § 504, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Raya prays, based on the allegations contained herein, that this Court declare her a citizen of the United States pursuant to the Fourteenth Amendment and by virtue of her birth in the United States after the expiration of her father's diplomatic status; that this Court order the United States Department of State to issue a U.S. passport to Ms. Raya; that this Court award plaintiff costs of these proceedings together with reasonable attorney's fees, and to provide such other and further relief as this Court may deem proper.

Respectfully Submitted,

AMANY MOHAMED RAYA

Dated: 5/12/2009

By: /s/ Ch. Poarch

Christine Lockhart Poarch, Esq.
Virginia State Bar No. 47106
105 Keesling Ave
Salem, VA 24153
TEL: (540)387-1005
FAX: (540)444-0323
ecf@poarchlaw.com

Christopher K. Kowalczuk, Esq.
Virginia State Bar No. 38108
P.O. Box 11971
Roanoke, VA 24022-1971
Telephone: (540) 345-0101
Facsimile: (540) 342-0004
fedecf@ckklaw.net

*Attorneys for Plaintiff*